UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Riodejuonerol Hudson,                                               Case No. 1:14-cv-2069

        Petitioner

    v.                                                                    MEMORANDUM OPINION

Brian Cook,

        Respondent

This matter is before me on the August 30, 2016 Report and Recommendation by Magistrate Judge Kathleen B. Burke. (Doc. No. 12). Also before me is Petitioner's timely objection (Doc. No. 13) and his request for a status conference. (Doc. No.15). For the reasons stated below, I adopt the Magistrate Judge's Report and Recommendation.

## I. APPLICABLE LEGAL STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). "De novo determination requires 'fresh consideration' of a magistrate judge's recommendation, independent of the magistrate judge's conclusions." 14 MOORE'S FEDERAL PRACTICE § 72.11[2][a] (3d 2017). In conducting a de novo review, the court need not conduct a de novo hearing on the matter. *Lifeng Chen v. New Trend Apparel, Inc.*, 8 F.Supp.3d 406, 416 (S.D.N.Y. 2014), citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).

## II. OBJECTIONS

Before turning to the Petitioner's specific objections, I note there are no objections to the Magistrate Judge's account of the factual and procedural background. Accordingly, those portions of the Report and Recommendation, at pages 2-7, are incorporated into this opinion and adopted without objection.

The Petitioner agrees there are no issues regarding procedural default or exhaustion presented. His first objection to the Report and Recommendation takes issue with the standard of review as he contests the constitutionality of the AEDPA. His second and third objections take issue with the Magistrate Judge's findings of no prejudice as to his first and second claim for relief. I address each objection in turn.

A. Constitutionality of the AEDPA

In Petitioner's objection to the constitutionality of the AEDPA, he contends it "improperly and unconstitutionally restricts a federal court's ability to remedy federal Constitutional violations." (Doc. No. 13, p. 6). I disagree.

While the Sixth Circuit has yet to address this precise question, other circuits have rejected arguments challenging the AEDPA's constitutionality. *See Cobb v. Thaler*, 682 F.3d 364, 374 (5th Cir. 2012) (finding § 2254 properly limits the basis on which to grant a habeas petition); *Bonomelli v. Dinwiddie*, 399 Fed.Appx. 384, 387 (10th Cir. 2010) (affirming the district court which rejected petitioner's argument that the AEDPA violated the separation of powers doctrine); *Evans v. Thompson*, 518 F.3d 1, 11 (1st Cir. 2008) (finding the AEDPA did not violate Article III powers); *Crater v. Galaza*, 491 F.3d 1119, 1127 (9th Cir. 2007) (no violation of separation of powers under § 2254).

The cases relied on by Petitioner are based on dissenting opinions or are distinguishable. District courts within the Sixth Circuit have consistently upheld the constitutionality of the AEDPA. *See Byrd v. Trombley*, 580 F.Supp.2d 542, 550-54 (E.D. Mich. 2008); *Mitchell v. Maclaren*, Case No. 1:15-cv-10356, 2017 WL 4819104 at *17 (E.D. Mich. 2017); *Thompson v. Parker*, Case No. 5:11CV-21-R, 2012 WL 6201203 at *6 (W.D. Ky. 2012); *Andera v. Tibbals*, Case No. 1:11 CV 2606, 2012 WL 4955290 at *1 (N.D. Ohio 2012); *Wang v. Sampson*, Case No. 08-cv-10832, 2010 WL 4340536 at *2 (E.D. Mich. 2010); *Phelps v. Berghuis*, Case No. 08-12833, 2011 WL 2693353 at *4 (E.D. Mich. 2011).

As there is authority to support the application of the AEDPA and no decision by the Sixth Circuit to the contrary, the Petitioner's objection as to the constitutionality of the AEDPA is overruled.

B. Lack of Prejudice as to the First Ground for Relief

In his First Ground for relief, Petitioner contends:

> **Ground One:** Appellate counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution when he failed to raise the effectiveness of trial counsel for failing to request a "defense of another" jury instruction as warranted by Ohio law.

(Doc. No. 1 at p. 16). The Magistrate Judge found this claim to be without merit as the double layer of deference under the AEDPA applied and the Petitioner could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). The Magistrate Judge also found the determinations by the state courts were not contrary to or an unreasonable application of clearly established federal law.

The Petitioner objects as he finds "[t]he Magistrate Judge completely failed to apply the correct standard of review." (Doc. No. 13 at p. 5). The Petitioner also faults the state court's denial of his claims on appeal. I disagree.

The United States Supreme Court addressed an ineffective assistance of counsel claim in *Harrington v. Richter*, 562 U.S. 86 (2011), where a petitioner also challenged the adjudication of his

3

claim. The Court first noted that "availability of federal habeas relief is limited to claims previously 'adjudicated on the merits' in state-court proceedings." 562 U.S. at 91. The *Harrington* Court then addressed application of § 2254(d) where a statement of reasons does not accompany the state court's determination:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to exceptions in §§ 2254(d)(1) and (2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from the "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. See *Chadwick v. Janecka*, 312 F.3d 597, 605-606 (C.A. 3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (C.A. 11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (C.A.2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (C.A.4 2000) (en banc); *Harris v. Stovall*, 212 F.3d 940, 943, n.1 (C.A.6 2000); *Aycox v. Lytle*, 196 F.3d 1174, 1177-1178 (C.A.10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (C.A.8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (*per curiam*). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.
>
> There is no merit to the assertion that compliance with § 2254(d) should be excused when state courts issue summary rulings because applying § 2254(d) in those cases will encourage state courts to withhold explanations for their decisions. Opinion-writing practices in state courts are influenced by considerations other than avoiding scrutiny by collateral attack in federal court. . . .
>
> When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. Cf. *Harris v. Reed*, 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis).
>
> The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely. See, *e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

562 U.S. at 98-100.

In this case, Petitioner contends his *Strickland* claim, regarding his appellate counsel, was rejected by the state appellate court without briefing on the merits, thereby negating deference under

the AEDPA. The Report and Recommendation detailed the appellate court's findings at pp. 13-15 and concluded "since the state court of appeals considered the merits of the claim, AEDPA deference applies." (Doc. No. 12 at p. 15). My review of the state appellate court's adjudication finds it was based on the facts before them and the Petitioner does not offer a viable argument to overcome the presumption set forth in *Harrington*.

Regarding the Petitioner's claim of ineffective assistance of counsel, he contends the Magistrate Judge incorrectly found a lack of prejudice. I disagree.

Once again, *Harrington* provides guidance on this issue:

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.*, at 698, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*, at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052.
>
> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judgment counsel's representation is a most deferential one. . . . The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply

5

in tandem, the review is "doubly" so, *Knowles*, 556 U.S., at 123, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. , at 128, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

562 U.S. at 104-06.

Here, based upon the findings of the Ohio appellate court, the Magistrate Judge determined the Petitioner could not demonstrate prejudice nor was the determination contrary to established law in light of *Strickland*. I agree. The Ohio appellate court's opinion at paragraphs 10-11 explains why Petitioner's argument regarding an instruction on defense of others was unavailing:

> {¶ 10} Hudson has not established prejudice. If the jury did not find Hudson's claim of self-defense persuasive, when Hudson was fighting and Seaborn was making threats to Hudson, then there is little reason to believe that the jury would have found a "defense of others" strategy persuasive. The court further notes that although the mother testified that Seaborn pushed her down, she did not seem to believe that she was in danger. (Tr. 535.)
>
> {¶ 11} Moreover, appellate counsel would have had to overcome the presumption that trial counsel's plan of straight-forward arguing self-defense was sound trial strategy. It is understandable how an appellate counsel in the exercise of professional judgment would decline to argue this issue when confronted with the difficult burden of undermining trial counsel's strategy of simply arguing self-defense.

(Doc. No. 12 at p. 15) (citing *State v. Hudson*, Case No. 96986, 2012 WL 5288762 at *2 (Ohio App. 2012)).

In light of the record before me and the inquiry under *Strickland* in a § 2254(d) action, I find counsel met that deferential standard and the Petitioner's objection on this issue is overruled.

C. Lack of Prejudice as to the Second Ground for Relief

The Petitioner's Second Ground for relief states as follows:

**Ground Two**: Counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution and also the Ohio Constitution for failing to secure an investigator and then present available witnesses and the effects of the beverage Four Loko.

(Doc. No. 1 at p. 18).

In her Report, the Magistrate Judge noted the Petitioner presented this claim for post-conviction relief to the appellate court which it denied. The Magistrate Judge set forth portions of that decision which addressed the concerns raised in Ground Two. (Doc. No. 12 at pp. 17-19) (citing *State v. Hudson*, Case No. 98499, 2013 WL 1462082 (2013)). She then addressed his arguments:

> Hudson appears to be arguing that the state court incorrectly assessed the relevance of certain evidence as it pertained to the defense of self-defense. Doc. No. 8, pp. 15-18. However, his challenges to the state court's interpretation of state evidentiary rules and/or state law defenses are futile because "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas." *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991)). Moreover, even if Hudson could demonstrate that his counsel's investigative strategies were not reasonable, under the highly deferential standard that applies to ineffective assistance of counsel claims and state determinations regarding said claims, Hudson has failed to demonstrate that the state court's determination that Hudson could not satisfy the prejudice prong under *Strickland* was contrary to or an unreasonable application of clearly established federal law. Accordingly, the undersigned recommends that the Court **DENY** Ground Two.

(Doc. No. 12 at pp. 19-20).

Contrary to Petitioner's objection, the Magistrate Judge did understand and address the issues raised in Ground Two. A similar claim was raised by the petitioner in *Harrington* regarding the failure of counsel to have consulted forensic blood experts or introduced expert evidence as to blood evidence. The Court noted that "*Strickland* does not guarantee perfect representation" but rather "'reasonably competent'" counsel. 562 U.S. at 110.

> Representation is constitutionally ineffective only if it "so undermined the proper functioning of the adversarial process" that the defendant was denied a fair trial. *Strickland, supra*, at 686, 104 S.Ct. 2052. Just as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities.

*Id.*

The Ohio appellate court addressed Petitioner's assignments of error as follows:

> {¶ 31} As to Hudson's claim that his trial counsel was ineffective for failing to request an investigator and for failing to properly investigate the case and present

7

> testimony from Appleton, Doug Vest, Tracy Jones, Travis Jones, and Taushe Moses, this claim is not well taken for the reasons set forth in our discussion of the first and second assignments of error. In short, the decisions as to which witnesses to interview are within the purview of defense counsel's trial strategy and tactics. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland* at 690–691. Further, there was no affidavit or other evidence to support the claim regarding purported eyewitness Appleton. The others, as noted by the trial court, were not at the scene of the crime and their testimony does not bear upon the operative facts of this matter. *Accord State v. Briscoe,* 8th Dist. No. 77832, Ohio App. LEXIS 5505, 2000 WL 1738361 (Nov. 22, 2000).
>
> {¶ 32} With regard to Hudson's claim that his trial counsel was ineffective for failing to "investigate and present evidence regarding the unusual effects of the alcoholic beverages that the victim was drinking on the night of his death," we note that at trial, Hudson testified that he observed the victim, Seaborn, drinking a can of an alcoholic beverage, Four Loko, and Seaborn began yelling profanities at Hudson and made threats upon his life. *Hudson I.* The evidence presented by defense counsel therefore linked the beverage to the victim's aggressiveness. In any event, the articles submitted by Hudson state that some health officials believe that Four Loko is dangerous to consumers, may "delay feelings of drunkenness," "has potential health risks," that individuals who "combine alcohol and caffeine are more likely to suffer alcohol-related injuries," and "may take risks that they otherwise might not take," and may experience "dehydration" or "blackouts." As such, the evidence "does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." *State v. Lawson*, 103 Ohio App.3d 307, 659 N.E.2d 362 (12th Dist. 1995).

2013 WL 1462082 at *5.

Viewing the record before me, including the state court appellate opinions, the Petitioner has not established that his trial counsel violated the deferential standard under *Strickland* so as to establish a deficient performance or prejudice.

### III. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In this case, Hudson's petition does not meet this standard.

## IV. CONCLUSION

For the reasons stated above, the Petitioner's objections are overruled. The August 30, 2016 Report and Recommendation (Doc. No. 12) is adopted by this Court. The Petition (Doc. No. 1) is denied. Petitioner's motion for a status conference (Doc. No. 15) and his request for discovery and an evidentiary hearing (Doc, No. 8, p. 28) are also denied as moot.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge